FIRST NATIONAL BANK OF SPRINGDALE *v.* FROST.

Opinion delivered March 27, 1911.

PARTIES—ADJUDICATING RIGHTS OF STRANGER.—It was error for the trial court to attempt to adjudicate the rights in the land involved in the suit of one who was not a party thereto.

Appeal from Washington Chancery Court; *T. H. Humphreys*, Chancellor; reversed.

STATEMENT BY THE COURT.

This was a suit by the bank against J. B. Frost upon an alleged indebtedness, and to set aside certain alleged fraudulent conveyances of lands from him to the other defendants.

Upon the hearing the court rendered judgment against Frost in the sum of $4,942.31, and ordered the individual interest of Frost in the lands sold to satisfy the judgment, which interest it declared was "the entire interest therein except a one-third interest in the crops to be raised thereon during the lifetime of L. J. Walker, which right the court declared he (J. B. Frost) held in trust for her." To this holding of the court exceptions were saved, and from the judgment this appeal is brought.

The testimony showed that the lands in controversy were conveyed by B. F. Walker and his wife, L. J. Walker, to J. B. Frost, their son-in-law, by deed executed and acknowledged September 1, 1894, which expressed a consideration of $1,300 paid

by him. At the time of the execution and delivery of this deed, and as a part of the consideration for it, Frost executed and delivered to B. F. and L. J. Walker the following instrument:

"Know All Men By These Presents:

"That I, J. B. Frost, of the county of Washington and State of Arkansas, for and in consideration of a deed in fee simple with general warranty made, signed and delivered to me, as party of the first part to this contract, by B. F. Walker, Sr., and Louisa Jane Walker, his wife, party of the second part, conveying to me and to my heirs and assigns the following pieces or parcels of land situate in the county and State aforesaid, towit: * * * A more perfect description of the metes and bounds of the aforesaid land being given in the aforesaid deed of conveyance of even date of this obligation, for which I have paid the sum of one thousand and three hundred dollars to the aforesaid B. F. Walker, Sr., and L. J. Walker, his wife, the receipt of which is acknowledged by the aforesaid B. F. Walker, Sr., and wife, in the above described deed of conveyance, it, the said sum of one thousand three hundred dollars, being only a part of the agreed value of the above described land. I, J. B. Frost, party of the first part to this contract, bind myself, my heirs, executors and administrators and assigns to the aforesaid B. F. Walker, Sr., and his wife, that they, the aforesaid B. F. Walker, Sr., and L. J. Walker, his wife, shall keep and remain in peaceable possession of the mansion house, door yard and outbuildings belonging thereto and garden, during their natural lives. And I further bind myself to deliver to the aforesaid B. F. Walker, Sr., in the corn crib or bin at the usual gathering and harvesting of the crop or crops raised on the aforesaid farm, as described in the above mentioned parcels of lands, one-third part of the corn, wheat and other products raised on the aforesaid farm, if, in the judgment of the aforesaid B. F. Walker, Sr., so much should be required for their support and maintenance, at the option of the aforesaid B. F. Walker, Sr., party of the second part.

"Witness my hand and seal this 1st day of September, 1894.

"J. B. Frost (Seal)."

This instrument was not acknowledged nor attested by witnesses, and was filed for record October 12, 1898, and recorded.

The testimony showed also that B. F. Walker, Sr., and his

wife, L. J. Walker, were supported by the defendants J. B. Frost and wife until the death of B. F. Walker in 1906, since which time L. J. Walker had lived with the said defendant and his family on other lands and was cared for and supported by them.

*McDaniel & Dinsmore* and *McGill & Lindsey*, for appellant.

1. L. J. Walker was not a party to the suit. She is not bound by the decree nor are her rights affected by it. So much of the decree should be reversed.

2. Even if she had been a party, there could be no cause of action until refusal or failure to support; and then the amount would be uncertain and unliquidated, and no lien could be enforced. 67 Ark. 526; 43 Minn. 473; 19 Am. St. 252.

*Walker & Walker,* for appellee.

1. Only Frost's actual interest in the land could be sold. A lien is subject to all the equities against the land. 23 Cyc. 1382; 82 Am. Dec. 608; 15 Ark. 73; 16 *Id.* 543; 28 *Id.* 82; 33 *Id.* 328.

2. L. J. Walker was entitled to a lien for one-third of the crops, a definite, fixed amount. 67 Ark. 526.

3. The fact that L. J. Walker was not a party did not affect the court's jurisdiction; nor was she a necessary party. The court simply saved her rights. Kirby's Digest, § 6011.

Kirby, J., (after stating the facts). It is contended that L. J. Walker was not a necessary party to the suit, and that since she was not a party to the suit at all the court erred in decreeing in her in effect a life interest in one-third of the rents of the land, and J. B. Frost trustee for her for the collection thereof, and ordering the lands sold subject to such interest. While this deed and contract were executed and delivered at the same time, and were in effect but one transaction, creating, it may be, a life estate in the possession of a part of the lands, and one-third of the rents derived from all of them, as effectually perhaps as if a reservation thereof had been contained in the deed, still it was not proper to adjudicate the rights of said L. J. Walker, who was not a party to the suit, for she could not have been bound nor her rights affected by any decree made. If she had asked to be made a party, it could have been done, since she had or claimed an interest in the land and was a proper party. If she had been

o

a necessary party, the court could and should have had her brought in as the statute requires, but, since the court could determine the controversy between the parties before it without prejudice to her rights, she was not a necessary party, and, not being before the court, it was error to attempt to adjudicate her rights, which might have been greater or less in fact and other than as shown by said contract. The judgment creditor was only entitled to subject the interest of its debtor in the lands to the payment of its debt, and the purchaser at·the sale could not acquire any other or greater interest than that owned and held by him at the time, and such sale could in no wise have affected the rights of L. J. Walker in and to said lands, she not having been a party to the suit.

For the errors indicated the decree is reversed, and the case remanded, with directions to enter a decree not inconsistent with this opinion.